UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUZETTE MCKENNA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-10417-JLT |
| | * | |
| WELLS FARGO BANK, N.A., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

March 21, 2011

TAURO, J.

I.  Introduction

This action arises out of a refinance loan that Defendant Wells Fargo Bank, N.A. extended to Plaintiff Suzette McKenna on November 9, 2006. Presently at issue is Defendant's Motion to Dismiss [#10]. For the following reasons, the Motion is ALLOWED.

II. Background[1]

Plaintiff owns a piece of real property ("Property") in South Orleans, Massachusetts.[2] On November 9, 2006, Plaintiff entered into a loan refinancing agreement with Defendant in the

---

[1] Because the issues analyzed here arise in the context of a Motion to Dismiss, this court presents the facts as they are related in Plaintiff's Amended Complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] See Pl.'s Verified Am. Compl. ¶¶ 1, 8 [#9] [hereinafter Am. Compl.].

amount of $360,000.[3]  As part of the refinancing, Plaintiff granted a mortgage to Defendant to secure the refinance loan.[4]  During the refinancing closing, Defendant provided Plaintiff with a Truth-in-Lending Disclosure Statement and at least one copy of the Notice of Right to Cancel.[5]

On November 15, 2006, the mortgage upon the Property was recorded at the Barnstable County Registry of Deeds.[6]

On May 24, 2009, Plaintiff's husband passed away.[7]  Plaintiff defaulted on her loan and Defendant sought to enforce the power of the sale in the mortgage upon the Property.[8]  On February 6, 2010, Plaintiff sent a Notice of Rescission letter to Defendant.[9]  The letter stated that Plaintiff wished to rescind her loan because she had been provided at closing with one Notice of Right to Cancel rather than two.  Plaintiff further wished to rescind because the finance charge on the Truth-in-Lending Disclosure Statement was inaccurate because "the closing attorney overcharged [Plaintiff] for title insurance."[10]

---

[3] Am. Compl. ¶¶ 1, 10 [#9].

[4] See Am. Compl. ¶¶ 10, 14 [#9].

[5] See Am. Compl., Ex. A, 2 [#9].

[6] See Wells Fargo Bank N.A.'s Mem. Law Supp. Its Mot. Dismiss, Ex. 1 [#11].  This court may judicially notice this document because it is recorded in the Barnstable Registry of Deeds.  See Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); id. at 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

[7] Am. Compl. ¶ 13 [#9].

[8] See Am. Compl. ¶¶ 1, 16, 36 [#9].

[9] See Am. Compl., Ex. A [#9].

[10] Am. Compl., Ex. A [#9].

Plaintiff asserts seven "causes of action" against Defendant: (1) preliminary and permanent relief; (2) "Defendant Lacks Standing"; (3) "Defendant Is Not A Real-Party In Interest Under Fed. R. Civ. P. 17"; (4) "[Defendant] Has Failed To Comply With G.L. c. 244 § 14";[11] (5) "Rescission Under G.L. c. 140D § 10"; (6) violation of Massachusetts General Laws chapter 93A; and (7) intentional misrepresentation.[12]

III.    Discussion

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to "'state a claim to relief that is plausible on its face.'"[13]

On a motion to dismiss, a court must accept all factual allegations in the complaint as true.[14] A court may also properly consider any documents attached to the complaint.[15] But a court will not accept as true any facts that are "conclusively contradicted by plaintiffs' concessions or otherwise."[16]

---

[11] Plaintiff's fourth cause of action is entitled "Plaintiff Has Failed To Comply With G.L. c. 244 § 14," Am. Compl., 6 [#9] (emphasis added), but this court assumes that this title contains a scrivener's error and that Plaintiff means to argue that Defendant did not comply with the statute.

[12] Am. Compl., 3, 4, 6, 7, 9 [#9].

[13] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[14] Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).

[15] Trans-Spec Truck Serv., 524 F.3d at 321 (citing Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18 (1st Cir. 1992)).

[16] Congris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (citing Snowden v. Hughes, 321 U.S. 1, 10 (1944)).

A.   Count I

Because Plaintiff has failed to allege any unlawful conduct on the part of Defendant,[17] injunctive relief is unavailable as a matter of law. For that reason, Count I is dismissed for failure to state a claim upon which relief may be granted.

B.   Count II

In Count II, Plaintiff alleges that Defendant "[l]acks [s]tanding."[18] Constitutional standing exists if a plaintiff has suffered an injury-in-fact that is both traceable to the defendant's conduct and likely to be redressed by a favorable judicial decision.[19]

Here, it is Plaintiff, not Defendant, who must have standing to bring this action. For that reason, Count II is dismissed.

C.   Count III

In Count III, Plaintiff argues that Defendant is not a real party in interest pursuant to Federal Rule of Civil Procedure 17 and that "Defendant has failed to provide evidence that it is in fact a real party in interest in this matter."[20] Rule 17(a)(1) provides that an "action must be prosecuted in the name of the real party in interest."

Here, Plaintiff's argument is illogical. Plaintiff may not file a complaint against Defendant and then maintain that Defendant is not a real party to that complaint. And so, Count III fails to state a claim upon which relief may be granted and therefore is dismissed.

---

[17] See infra Parts III.B–III.G.

[18] Am. Compl., 4 [#9].

[19] Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

[20] Am. Compl. ¶ 47 [#9]; see Am. Compl. ¶¶ 44–46 [#9].

D.  Count IV

In Count IV, Plaintiff argues that Defendant has failed to comply with Massachusetts General Laws chapter 244, section 14[21] because Defendant does not have the authority to foreclose upon the Property. To support this argument, Plaintiff makes two arguments. First, she alleges that Defendant is not the current holder of the mortgage on the Property.[22] But Plaintiff directly contradicts this assertion by alleging that Defendant does possess a written mortgage upon the Property.[23] The recorded mortgage in the Barnstable County Registry of Deeds also contradicts Plaintiff's assertion.[24] Because Plaintiff has directly contradicted her allegation that Defendant is not the current holder of the Property, this court need not accept that allegation as true.[25]

Second, Plaintiff alleges that Defendant cannot foreclose upon the Property because Defendant must possess the promissory note for the Property.[26]

Under Massachusetts law, the current record mortgagee and holder of the mortgage is the

---

[21] See Am. Compl., 6 [#9]; see also supra note 11.

[22] See Am. Compl. ¶¶ 50, 52, 54, 55 [#9].

[23] See Am. Compl. ¶ 35 [#9] ("The Plaintiff's Promissory Note and mortgage name Wells Fargo Bank, N.A. as both the Payee of the Note, and mortgagee under the security instrument.").

[24] See supra note 6 and accompanying text.

[25] See Chongris, 811 F.2d at 37 (citing Snowden, 321 U.S. at 10).

[26] See Am. Compl. ¶ 52 [#9] ("Defendant has not provided any evidentiary support that it is in fact the holder of Plaintiff's mortgage Note, for without an ownership interest in Plaintiff's promissory Note, the possession of the mortgage alone is possession of a worthless piece of paper.").

5

proper party to foreclose upon a property.[27] The Massachusetts statute governing foreclosures makes no mention of note holders.[28]

Here, because Defendant is the current holder of the mortgage, Defendant is the proper party to foreclose, and Count IV is dismissed for failure to state a claim upon which relief may be granted.

    E.    Count V

In Count V, Plaintiff seeks rescission pursuant to the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA").[29] Under the MCCCDA, a borrower has the right to rescind a loan transaction for three days after the loan closing.[30] If, however, the lender does not provide the borrower with required disclosures, the right to rescind does not expire until "four years after the occurrence giving rise to the right of rescission."[31] The required disclosures include two copies of the notice of the right to rescind.[32] But as long as a borrower receives one such notice, the rescission period is not extended.[33] The required disclosures also include disclosure of the

---

[27] Mass. Gen. Laws ch. 244, § 14; see Valerio v. U.S. Bank, N.A., 716 F. Supp. 2d 124, 128 (D. Mass. 2010).

[28] Valerio, 716 F. Supp. 2d at 128.

[29] Mass. Gen. Laws ch. 140D.

[30] Id. § 10(a).

[31] 209 C.M.R. § 32.15(2)(c); see Mass. Gen. Laws ch. 140D, § 10(f).

[32] 12 C.F.R. § 226.23(b)(1) ("In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind . . . .").

[33] King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238, 250–51 (D. Mass. 2009). As Judge Young explained in King:
> Under 12 C.F.R. § 226.23(b)(1), "a creditor shall deliver two copies of the notice of the right to rescind to each consumer. . . ." Even so, the rescission is extended to three years

finance charge.[34] The finance charge is "the cost of consumer credit as a dollar amount,"[35] and fees for title insurance are not finance charges.[36]

Plaintiff argues first that Defendant did not provide Plaintiff with the required number of copies of the notice of the right to cancel because Defendant provided Plaintiff with one notice instead of two.[37] It is undisputed that Plaintiff received at least one copy of the notice of her right to rescind.[38] As such, Plaintiff's allegation that she did not receive two such notices cannot form the basis of an extension of Plaintiff's right to rescind.

Plaintiff next argues that Defendant misstated the finance charge in the Truth in Lending Disclosure Statement.[39] Specifically, Plaintiff argues that "the closing attorney overcharged [her]

---

only "if the required notice or material disclosures are not delivered." 12 C.F.R. § 226.23(a)(3) (emphasis added). Significantly, the word "notice appears in the singular. Elsewhere in Regulation Z, the Federal Reserve Board has used the terms "notices" or "two copies of the notice" whenever it wished to convey that more than one notice is required. By deliberately choosing to use the singular form "notice" instead of the plural form "notices" or "two copies of the notice," the Federal Reserve Board intended that delivery of a single copy of the Notice would not trigger an extension of the rescission right.

Id. at 250 (internal citation omitted). The state implementing statute similarly states that the four-year extended period is triggered only if "notice" of the right to rescind is not delivered. 209 C.M.R. § 32.15(2)(c).

[34] 209 C.M.R. § 32.15(1)(c) n.36.

[35] Id. § 32.04(1).

[36] Id. § 32.04(3)(g)(1) ("The following charges are not finance charges: . . . The following fees in a transaction secured by real property or in a residential mortgage transaction, if the fees are bona fide and reasonable in amount: Fees for . . . title insurance . . . .").

[37] See Am. Compl. ¶ 58 [#9].

[38] See Am. Compl., Ex. A [#9].

[39] See Am. Compl. ¶¶ 59–60 [#9].

for title insurance."[40]  But the state implementing statute specifically exempts title insurance from the definition of a finance charge.[41]  For that reason, Plaintiff's allegation that Defendant misstated the fee for title insurance cannot form the basis for extending the rescission period.  For the reasons above, Count V is dismissed.

### F.   Count VI

Under Count VI, Plaintiff alleges a violation of Massachusetts General Laws chapter 93A.[42]  At least thirty days before filing a Chapter 93A claim, a party must serve a written demand letter on any prospective respondent.[43]  The demand letter is an essential element of a 93A claim.[44]

Here, it is undisputed that Plaintiff failed to send a demand letter to Defendant.[45]  Because a demand letter is an essential element of any claim under Chapter 93A, Count VI is dismissed and this court need not review Plaintiff's substantive claim under Chapter 93A.

### G.   Count VII

---

[40] Am. Compl., Ex. A, 2 [#9].

[41] See 209 C.M.R. § 32.04(3)(g)(1).

[42] Am. Compl., 9 [#9].

[43] Mass. Gen. Laws ch. 93A, § 9(3) ("At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.").

[44] See, e.g., Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 288 (1985) (requiring a demand letter under Chapter 93A); Spilios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995) ("A demand letter is a condition precedent to commencing an action under G.L. c. 93A, § 9." (citations omitted)).

[45] See Am. Compl. ¶¶ 73, 74 [#9] (explaining why a demand letter "does not apply").

In Count VII, Plaintiff asserts a claim of intentional misrepresentation.[46] To rescind a conveyance on the basis of fraudulent misrepresentation, a plaintiff must prove that the defendant "made a false misrepresentation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the misrepresentation as true and acted upon it to his damage."[47] In so pleading instances of fraud, the plaintiff must meet a heightened pleading requirement and state with particularity the circumstances constituting the fraud.[48]

Here, Plaintiff has alleged that she was overcharged for title insurance and that Defendant therefore misrepresented the total finance charge associated with the refinancing of the loan.[49] For the abovementioned reasons, however, the alleged misrepresentations relating to the title insurance were not representations of the overall finance charge, because title insurance is specifically excluded from the calculation of a finance charge.[50]

Additionally, Plaintiff's other allegations of misrepresentation are too vague to meet the particularity requirement of Rule 9.[51] For these reasons, Count VII is dismissed.

IV. Conclusion

---

[46] See Am. Compl., 9 [#9].

[47] Kilroy v. Barron, 326 Mass. 464, 465 (1950) (citations omitted).

[48] Fed. R. Civ. P. 9(b).

[49] See Am. Compl. ¶¶ 59–60 [#9].

[50] See supra notes 40–41 and accompanying text.

[51] Plaintiff alleges that Defendant's misrepresentations included "[m]aking preliminary oral and written disclosures pertaining to the settlement charges of the loan" and "[p]roviding a loan that was not what Defendant purported it to be, which contained an overall higher interest rate than what was 'disclosed' to Plaintiff." Am. Compl. ¶ 79 [#9].

For the foregoing reasons, Defendant has failed to state a claim upon which relief may be granted.  For that reason, Defendant's Motion toDismiss [#10] is ALLOWED.  AN ORDER HAS ISSUED.

          /s/ Joseph L. Tauro  
          United States District Judge